IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON VANCE VIVIAN,

    Plaintiff,                    No. CIV S-06-1125 RRB DAD P

    vs.

ROSKO, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that in violation of his rights under the Eighth Amendment, defendants placed him in a prison work position that he was not physically or medically able to perform. Before the court is defendants' Rule 12(b) motion to dismiss this action due to plaintiff's failure to exhaust administrative remedies. On June 11, 2007, plaintiff was advised about the requirements for opposing such a motion and that the court may deem the failure to file an opposition as a waiver of opposition to defendants' motion.

        By the provisions of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

1

exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).  The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.  Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2382 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).[1]  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Defendants contend that plaintiff filed only one administrative grievance concerning the allegations in his complaint.  That grievance was filed on July 23, 2004 (log # CMF-04-1292) but withdrawn by plaintiff on August 15, 2004. (Mot. to Dismiss (MTD), Ex. A, Decl. of D. Lewis, at 2.)  The Chief of the Inmate Appeals Branch, N. Grannis, asserts in his

---

[1] The third level/Director's level response shall be completed within sixty working days unless the decision, action or policy is particularly complex. See Cal. Code Regs. tit. 15, §§ 3084.6(b)(4) - 3084.6(b)(5)(B).

declaration that a search of third-level appeals was conducted and that plaintiff did not file such an appeal in connection with that grievance. (Id., Ex. B, Decl. of Grannis, at 2.) Defendants also note that although plaintiff filed a grievance, dated April 23, 2006, the appeal was rejected by the appeals office because plaintiff did not attempt to resolve the issue at the informal level and because he had exceeded the time period provided for the filing of the appeal. (MTD at 3.) Plaintiff did not file a subsequent appeal. (Id.) Since plaintiff did not proceed through to the third-level of review, defendants argue that plaintiff failed to exhaust administrative remedies.

      Plaintiff has not filed an opposition to the motion. The court finds that defendants have carried their burden of raising and proving the absence of exhaustion. See Wyatt v. Terhune, 315 F.3d 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). Therefore, the motion to dismiss should be granted and this action should be dismissed without prejudice.

      Accordingly, IT IS HEREBY RECOMMENDED that:

      1. Defendants' August 8, 2007 motion to dismiss for failure to exhaust administrative remedies, be granted; and

      2. This action be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////
/////
/////
/////

3

1   that failure to file objections within the specified time may waive the right to appeal the District

2 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: November 29, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD:4
vivi1125.mtd